Meng v. Holder

BIA
Videla, IJ
A087 790 819

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand fifteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

QINGQIANG MENG,
> *Petitioner,*

v.                                              13-457
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        David A. Bredin, Law Office of David
                        A. Bredin, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Carl McIntyre, Assistant
                        Director; Brooke M. Maurer, Trial
                        Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qingqiang Meng, a native and citizen of the People's Republic of China, seeks review of a January 15, 2013, decision of the BIA affirming the July 13, 2011, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied Qingqiang Meng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qingqiang Meng*, No. A087 790 819 (B.I.A. Jan. 15, 2013), *aff'g* No. A087 790 819 (Immig. Ct. N.Y. City July 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

**I. Adverse Credibility Determination**

For asylum applications such as Meng's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency erred when it found that Meng omitted an important part of his claim from his asylum application. However, because the agency's conclusion that aspects of Meng's claim were implausible is tethered to record evidence, and the agency found other inconsistencies in Meng's testimony which are supported by the record, substantial evidence supports the adverse credibility

3

determination.  Accordingly, remand would be futile.  *See Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 235 & n.3 (2d Cir. 2008).

The IJ found, reasonably, that aspects of Meng's testimony were implausible.  Specifically, the IJ found implausible Meng's testimony that although he had been living in hiding since 2006, in 2008 he went to the Public Security Office and gave officials there his name and address to renew his passport.  Furthermore, given Meng's stated fear of sterilization, the IJ found implausible that he was able to travel as part of a tourist group to Malaysia and Hong Kong, and that he did not attempt to remain in Malaysia and not return to China.  The IJ also found Meng's explanations for why he was unable to stay in Malaysia unconvincing – Meng first testified that he would have trouble finding a job in Malaysia, and then that he did not know that Malaysia was a country he could immigrate to, and finally that the tour guide would not allow him to stay in Malaysia.  The IJ's implausibility findings are supported by substantial evidence, because the reasons for his incredulity are self-evident.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (per curiam).

4

The IJ found that Meng's testimony often seemed to be non-responsive, evasive, and as if he was "not really testifying from actual experience."  We generally afford particular deference to an IJ's assessment of an applicant's demeanor because the IJ's ability to observe the witness places him in the best position to evaluate credibility. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir. 2005).  Moreover, we can be "more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  Here, the IJ found that Meng testified inconsistently in explaining why he did not provide corroborating evidence, and this finding is supported by the record.  Furthermore, Meng acknowledged that as a result of the lack of corroboration, the IJ had no evidence other than Meng's own testimony that anyone sought to sterilize him.  *Cf. Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

In light of Meng's unresponsive, inconsistent, and implausible testimony, we conclude that the totality of the circumstances supports the agency's adverse credibility determination..  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia*

*Lin*, 534 F.3d at 167. Even discounting the IJ's erroneous omission finding, the record does not compel a contrary finding. *See Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Meng's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on this claim for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

**II. Future Persecution**

Meng contends that he fears future persecution based on his Christian faith. Because Meng did not challenge the IJ's conclusion regarding a pattern or practice of persecution before the BIA, we decline to consider the issue. *Cf. Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007).

As the agency concluded, Meng did not present any evidence that Chinese authorities were aware that he was Christian, or that he attended church in the United States. The IJ also noted that Meng testified that his wife had been a practicing Christian for years in China, and had not encountered any problems with the authorities on the basis of her religion. Accordingly, the agency did not err in

6

concluding that Meng did not show a well-founded fear of future persecution.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam)*; Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Because Meng was unable to establish the objective likelihood of harm based on his Christian faith needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7